UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL ADAMS, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>UNIVERSAL UNDERWRITERS )<br>INSURANCE COMPANY, )<br>)<br>      Defendant. ) | 1:10-cv-00146-JAW |

**ORDER ON MOTION FOR RECONSIDERATION & CERTIFICATION OF QUESTION TO THE MAINE SUPREME JUDICIAL COURT**

On May 19, 2011, the Court issued an Order granting summary judgment to Universal Underwriters Insurance Company (Universal Underwriters) against Daniel Adams in his reach and apply action. *Order on Mots. for Summ. J.* (Docket # 22). The Order was reduced to Judgment the same day. *J.* (Docket # 23). On May 31, 2011, Mr. Adams moved for reconsideration and sought to have this Court certify to the Maine Supreme Judicial Court a question about the proper interpretation of 24-A M.R.S. § 2908(5), the statutory cancellation provision for casualty insurance contracts. *Pl.'s Mot. for Recons. & Certification of Question to the Me. Supreme Judicial Ct.* (Docket # 24) (*Pl.'s Mot.*). On June 15, 2011, Universal Underwriters responded. *Def.'s Mem. in Opp'n to Pl.'s Mot. for Recons. and Certification to Me. Supreme Judicial Ct.* (Docket # 25) (*Def.'s Opp'n*).

Mr. Adams first asserts that the Court did "not address a very important point raised in Plaintiff's previously submitted reply memorandum." *Pl.'s Mot.* at 3.

The omitted point, Mr. Adams claims, is his argument that the Legislature has used the terms "unless" and "until" inconsistently. *Id.* He points out that 24-A M.R.S. § 2009-A(1), the cancellation statute for surplus lines insurance, uses the term "unless." *Id.* (24-A M.R.S. § 2009-A(1) reads: "Cancellation and nonrenewal by an insurer of surplus lines coverage . . . shall not be effective unless received by the named insured at least 14 days prior to the effective date of cancellation"). He says the Legislature's use of the term "unless" for surplus lines is inconsistent with the Court's conclusion that the Legislature intended a higher standard for cancellation for consumers and a lower standard for businesses. *Pl.'s Mot.* at 3-4. Mr. Adams next says that the Court should certify the question of the proper interpretation of § 2908(5) to the Maine Supreme Judicial Court to clarify an uncertain issue of Maine state law, which is determinative of this case. *Id.* at 4-6.

Universal Underwriters objects. Noting that Mr. Adams does not base his motion for reconsideration on newly discovered evidence, Universal Underwriters contends that he has not demonstrated that the Court's Order is manifestly erroneous. *Def.'s Opp'n* at 2. Universal Underwriters argues that surplus lines insurance is markedly different from casualty insurance. *Id.* at 2-4. Universal Underwriters also rejects as unjustified Mr. Adams' call for certification. *Id.* at 4-5.

The Court agrees with Universal Underwriters. To state the obvious, the word "unless" is not the same as the word "until;" these words are not esoteric and it is beyond argument that they convey different meanings. If someone is told that an event will not take place unless he does something, he knows that to make the

event occur, he must act and if he does not, the event will not occur. If another person is told that an event will not take place until she does something, she knows that once she acts, the event will occur.

It remains true that the Legislature used different terms in the cancellation statutes among different types of insurance: cancellation of a surplus line or a homeowners insurance policy does not take effect "unless" received, 24-A M.R.S. § 2009-A(1), § 3050; cancellation of a casualty insurance policy does not take effect "until" received, 24-A M.R.S. § 2908(5). Since the Legislature used different words to describe the effectiveness of cancellations of varying types of insurance, the Court must interpret the words in a manner consistent with their different meanings.

Furthermore, Universal Underwriters posits a plausible explanation for why the Legislature elected to use the same term for surplus lines insurance as for homeowners and a different term for casualty insurance. *Def.'s Opp'n* at 2-4. In short, Universal Underwriters observes that, under Maine law, surplus lines coverage becomes applicable only if insurance "cannot be procured from authorized insurers." *Id.* at 2 (citing 24-A M.R.S. § 2004). Because surplus lines insurance may involve "unauthorized insurers," Universal Underwriters contends the Legislature enacted a set of statutory protections, including stringent requirements for cancellation. *Id.* at 2-3. From the Court's perspective, Universal Underwriters' policy explanation for the language differences among the statutes is more compelling than Mr. Adams' assertion that "[t]he Court's decision regarding

3

legislative intent cannot be reconciled when considering the language used in 24-A M.R.S. § 2009-A." *Pl.'s Mot.* at 3.

To succeed in his argument, Mr. Adams must somehow convince the Court that two commonplace terms with markedly different meanings have the same meaning. The Court remains unconvinced that its decision to interpret these statutory provisions in a manner consistent with the plain meaning of their distinct terms amounts to a manifest error of law.

As to Mr. Adams' request for certification to the Maine Supreme Judicial Court, the Court declines to do so because in its view, the meaning of these statutory provisions is "reasonably clear." *Bi-Rite Enterprises, Inc. v. Bruce Miner Co., Inc.*, 757 F.2d 440, 443, n.3 (1st Cir. 1985). In *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313 (1st Cir. 2009), the First Circuit reiterated its caution against the inappropriate use of certification:

> Certification of questions of local law from one court to another is, by its very nature, a cumbersome and time-consuming process. The use of that device stops a case in its tracks, multiplies the work of the attorneys, and sharply increases the costs of litigation.

*Id.* at 323. Here, Mr. Adams has not convinced the Court that certification would lead to a different result or would be worth the additional delay and expense.

The Court DENIES the Plaintiff's Motion for Reconsideration & Certification of Question to the Maine Supreme Judicial Court (Docket # 24).

4

SO ORDERED.

                                              <u>/s/ John A. Woodcock, Jr.</u>
                                              JOHN A. WOODCOCK, JR.
                                              CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2011